IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VONDELL BUSH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>VIPIN K. SHAH, ROB JEFFREYS, and )<br>WARDEN OF LAWRENCE )<br>CORRECTIONAL CENTER, )<br>)<br>Defendants. ) | Case No. 22-cv-522-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Vondell Bush, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Lawrence Correctional Center. In the Complaint, Bush alleges Defendants were deliberately indifferent in diagnosing and treating his torn anterior cruciate ligament ("ACL"), in violation of the Eighth Amendment. Bush seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint (Doc. 1), Bush makes the following allegations: On November 10, 2020, while at Lawrence Correctional Center, he met with Dr. Shah for the follow-up on an x-ray that he received in February 2020. Previously, in January 2020, he had been seen by Dr. Pittman for a possible torn ACL in his left knee (*Id*. at p. 6). Dr. Pittman diagnosed him with a torn ACL and provided him with a low bunk permit, ace bandage, and pain medication (*Id*.). Dr. Pittman also ordered an x-ray but indicated that he would need an MRI to confirm the torn ACL. When Bush followed up on the x-ray with Dr. Shah, Shah merely asked when the injury occurred and inquired as to why Bush did not receive surgery prior to his arrest (*Id*.). H also informed Bush that he needed his pre-incarceration medical records before he could proceed further (*Id*.). Dr. Shah touched Bush's knee and had him move it. He then told Bush there was no proof that Bush was suffering from a torn ACL, and Dr. Shah could not see anything suggesting a torn ACL (*Id*.). He refused to entertain Bush's questions about an MRI or surgery.

Bush further alleges that he wrote grievances about his medical care, but those grievances were denied by the warden/Chief Administrative Officer ("CAO") at Lawrence, as well as by IDOC Director Rob Jeffreys (*Id*. at p. 9). Both the CAO and Jeffreys signed off on the denial of his grievance. Bush alleges that they refused to step in and ensure he received proper care (*Id*.).

In January 2021, Bush transferred to Robinson Correctional Center, and his knee was examined by Dr. Poor. Dr. Poor ordered an MRI which revealed a torn ACL and torn meniscus. Bush is now awaiting surgery.

### Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Shah, Rob Jeffreys, and John Doe Warden/CAO at Lawrence for failing to properly diagnose and treat Bush's torn ACL.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Bush states a claim in Count 1 against Dr. Shah. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). But he fails to state a viable claim against Jeffreys or the John Doe Warden/CAO, because he only alleges that they denied his grievances. Defendants cannot be liable simply for denying grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Pending Motions**

As to Bush's motion for counsel (Doc. 3), he states that he has written several law firms that have declined to take his case. He also states that he is a lay person who has no experience with legal or medical issues. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because Defendant has not yet been served and a discovery schedule has not been entered. Thus, Bush's motion for counsel (Doc. 3) is **DENIED**. He may renew his request for counsel at a later date.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Dr. Vipin Shah, but is **DISMISSED without prejudice** as to Rob Jeffreys and John Doe Warden/CAO.

The Clerk of Court shall prepare for Defendant Dr. Vipin Shah: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Bush. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Bush, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Bush, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Bush is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 16, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**