**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VONDELL BUSH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Case No. 3:22-cv-00522-GCS** |
| **VIPIN K. SHAH,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 23). On March 15, 2022, Plaintiff filed an initial Complaint alleging that Defendant Shah was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 1, p. 6). Plaintiff only sought monetary and injunctive relief against Defendant Shah in his individual capacity. *Id.*; (Doc. 8, p. 3). On August 11, 2022, Plaintiff subsequently filed the Motion for Leave to File an Amended Complaint. (Doc. 23). In the Proposed Amended Complaint, Plaintiff seeks to pursue claims against Defendant Shah in both "his individual and official capacity" so that he may acquire both monetary and injunctive relief. *Id*. On August 25, 2022, Defendant filed a Motion Opposing Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 25). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Leave to File an Amended Complaint.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(1) provides that "a party may amend its pleadings once as a matter of course" within 21 days of service.[1] FED. R. CIV. PROC. 15(a)(1). In all other cases, "a party may amend its pleadings only with opposing party's written consent or the court's leave." FED. R. CIV. PROC. 15(a)(2). While leave should be freely given when justice so requires, a court "may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). *See also Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015)(finding that leave may be denied if there is undue delay, futility, or prejudice).

However, a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted), because "[a]ll pleadings shall be so construed as to do substantial justice." FED. R. CIV. PROC. 8(f). Therefore, a court should provide *pro se* plaintiffs an opportunity to amend their complaints so long as their complaints are without "obviously incurable defects," *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), and doing so would not "unduly delay the litigation and prejudice the defendants," *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

---

[1] "If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e) or (f), whichever is earlier." FED. R. CIV. PROC. 12(a)(1)(B).

DISCUSSION

In the Proposed Amended Complaint, Plaintiff seeks injunctive relief against Defendant Shah "in his official capacity." (Doc. 23, p. 1). Defendant opposes Plaintiff's proposed amendment to the Complaint because Plaintiff has not alleged that Defendant has the authority to grant the requested injunctive relief where Plaintiff is currently incarcerated. (Doc. 25, p. 2). Defendant also contends that Plaintiff has not alleged that Defendant is charged with the "final policy making authority" at the institution. *Id.* at p. 3. For government officials to be sued in their official capacity under 42 U.S.C. § 1983, they must have final policymaking authority for the governmental actor concerning the alleged constitutional violation. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998). As such, Defendant does not consent to the proposed amendment and maintains that "justice does not require the Court to permit the amendment." (Doc. 25, p. 2).

Defendant Shah correctly asserts that he does not have 1) the authority to grant the requested injunctive relief and 2) final policymaking authority for the institution. Nevertheless, Plaintiff's proposed amendment should "be so construed as to do substantial justice," FED. R. CIV. PROC. 8(f), because a *pro se* Plaintiff "must be held to less stringent standards," *Erickson*, 551 U.S. at 94. Therefore, because the *pro se* Plaintiff sued the incorrect Defendant in his official capacity in seeking the requested injunctive relief, justice requires the Court to freely give leave so long as the proposed amendment does not fail to cure the deficiencies. *See Crestview Vill. Apartments*, 383 F.3d at 558. Therefore,

instead of Defendant Shah, Director Rob Jeffreys, in his official capacity, is the appropriate government official to carry out the requested injunctive relief if any were to be ordered. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Here, the Court construes Plaintiff's request to seek injunctive relief to receive the required corrective surgeries for his injuries regardless of which Illinois Department of Corrections institution he is incarcerated currently or may be in the future. (Doc. 1, p. 11). Such an order would not run afoul of restrictions on prison-related injunctions in the Prison Litigation Reform Act, which indicates that an injunction "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a)(1)(A). Additionally, such relief would be "narrowly drawn" and does not extend "further than necessary to correct the violation." *Id.* Because Plaintiff's requested injunctive relief is limited to the required corrective surgery, the Court finds it appropriate to add Director Rob Jeffreys to the docket as an additional Defendant, in his official capacity only, for purposes of implementing any injunctive relief that might be awarded.

In the Proposed Amended Complaint, Plaintiff also seeks monetary relief against Defendant Shah "in his individual capacity." (Doc. 23, p. 1). The Eleventh Amendment precludes Plaintiff from suing government officials in their official capacities for monetary damages. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The Court construes Plaintiff's motion to add "in his individual capacity" as an attempt to cure the deficiency in the Complaint barred by the Eleventh Amendment. *See* Fed. R. Civ. Proc. 8(f). However, Plaintiff cannot sue Defendant Shah in his official capacity for injunctive

relief nor can he sue Defendant Jeffreys in his individual capacity for monetary damages. Plaintiff is already suing Defendant Shah in his individual capacity for monetary damages in the initial Complaint.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Leave File an Amended Complaint. (Doc. 23). The Court **GRANTS IN PART** Plaintiff's proposed amendment to add "Director Rob Jeffreys, in his official capacity" for the purposes of pursing injunctive relief. The Court **DENIES IN PART** Plaintiff's proposed amendment to add "Dr. Vipin Shah, in his individual capacity" as it does not cure any existing deficiencies in Plaintiff's initial Complaint.

**IT IS SO ORDERED.**

**DATED:  February 28, 2023.**

Digitally signed by
Judge Sison
Date: 2023.02.28
15:43:07 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**